(20 Misc. Rep. 312.)

RADT v. ROSENFELD.

(Supreme Court, Appellate Term. May 27, 1897.)

PARTNERSHIP—POWERS OF PARTNERS.
　　One of several partners may assign a chose in action belonging to the firm.

Appeal from city court of New York, general term.

Action by Max Radt against Louis Rosenfeld. From an affirmance of a judgment in favor of plaintiff (44 N. Y. Supp. 1128), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Spiegelberg & Wise (F. Spiegelberg, of counsel), for appellant.

Hays & Greenbaum (S. Greenbaum, of counsel), for respondent.

McADAM, J. The evidence shows that the firm of Kehr & Goetz, of Antwerp, had certain transactions with one Jules Gigleux for the purchase and sale of coffee, upon the basis of 1 per cent. commission to the defendant, one-fourth of which was paid by him to Gigleux. There were four contracts in all. Upon three of them there was a profit, and upon one a loss. The net gain to Kehr & Goetz was

$529.27, for which the plaintiff, their assignee, recovered the judgment appealed from.

The material point at issue was whether Gigleux was acting as agent for the defendant in making the purchases and sales, so as to make the latter answerable for the sum claimed. Upon the evidence, chiefly documentary, supplemented by the defendant's testimony explaining as well as he could his connection with Gigleux and the coffee in question, the trial judge held that there was but one point to be determined, namely, whether Gigleux was the defendant's agent; and in his charge (which was not objected to) he sent that question alone to the jury, telling them, if they found in the negative, to render a verdict for the defendant. The jury found for the plaintiff on evidence which has met the approval of both branches of the trial court, thereby determining that the defendant was the principal, and consequently liable, as such, to the plaintiff. This finding practically disposes of all there was to the defense.

The assignment to the plaintiff was properly admitted in evidence. The plaintiff testified that it was given to him by Mr. Kehr, of the firm of Kehr & Goetz, on behalf of the firm; that he was present, and saw Mr. Kehr sign it prior to such delivery. One of several partners may assign a firm chose in action, and such a transfer is valid and operative, though under seal. Everit v. Strong, 5 Hill, 163, affirmed, 7 Hill, 585.

The court properly refused to charge that Gigleux was the plaintiff's agent. This would have been equivalent to holding that there was no liability on the part of the defendant, and that the complaint should have been dismissed, after the motion made for that purpose had been properly denied.

The requests to charge that payments were properly made to Gigleux, and that the papers purporting to ratify the transactions were not binding on the defendant, were properly refused. The court could not, on the proofs before it, have given such positive instructions, for the propriety of the requests depended on conditions and qualifications not embraced within them. The defendant knew of Kehr & Goetz's connection with the business, and a payment to Gigleux, which did not reach them, could not discharge the defendant.

The main exception relied upon by appellant is to the exclusion of evidence of previous transactions he had with Gigleux. In the cases cited by the appellant (Richards v. Millard, 56 N. Y. 574, and Steamship Co. v. Otis, 27 Hun, 452, 14 Abb. N. C. 388) the previous relations between the parties to the litigation interpreted subsequent communications between them in reference to the transactions in suit. Such was not the object of the proposed evidence in this case; and the previous transactions between Gigleux and defendant were immaterial, for they could not affect the plaintiff, who dealt with defendant upon the strength of the defendant's own representation of Gigleux's agency. The numerous other exceptions taken at the trial are without merit, and do not require mention.

We find no error to the prejudice of the defendant, and the judgment must be affirmed, with costs. All concur.